THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ERNESTO GONZÁLEZ RIVERA, Defendant and Appellant.

No. CR-62-235.     Decided April 26, 1963.

*Luis A. Rivera Lacourt,* counsel designated by Supreme Court to assist defendant in this Court. *Rodolfo Cruz Contreras, Acting Solicitor General,* and *Irene Curbelo, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Appellant was convicted on August 25, 1928 of an offense of burglary in the first degree and sentenced to serve one year in the penitentiary. Thirty-three years later he requests the annulment of said sentence. He alleges that he did not have legal aid at the arraignment held on August 17, 1928 and that during the trial the legal aid offered him was "pro forma."

In deciding the motion for annulment of sentence the trial judge stated thus:

"At the trial and in support of his contention and as sole evidence, the petitioner offered his own testimony. It tends to show that when the case was called for trial, the court designated an attorney whom he had never seen and who without knowing the details nor the merits of the case proceeded to make a plea of guilty of the offense charged against defendant. In support of the sentence, The People offered the entries in the record. An examination thereof shows that on August 17, 1928 the defendant was arraigned and that a plea of guilty was entered. On August 19, 1928 the defendant wrote a long letter to the presiding judge stating to him that he had the

intention to plead guilty in the action brought against him pending in this court. On August 25, when the case was called for trial the court designated Mr. Rafael Martínez Nadal as his attorney, who assisted the defendant when he made his plea of guilty of the offense charged. In cases such as the present one, in which the annulment of a sentence is requested after more than thirty years have elapsed, when the death has sealed the lips of all the other persons who could have shed some light in the case, petitioner's evidence should convince the judge with the reasons of his claims. In the present case it has not had that effect in our mind, for which reason, taking into consideration the record, as well as the legal presumption that the court complied with the law, the motion for the annulment of judgment is hereby denied."

■ In *People* v. *Montaner*, 61 P.R.R. 116 (1942), we stated thus:

"With regard to the arraignment, the following appears from the record: 'The defendant Antonio Montaner, on arraignment, on July 29, 1937, pleaded not guilty and asked for a trial by jury.'

"From the record, there is no showing that on arraignment the defendant was not represented by counsel or did not intelligently waive his assistance. Either thing could have happened and it need not appear from the record. Since we are dealing with a court of general jurisdiction such as the lower court, there exists the presumption that it acted with jurisdiction and the regularity attached to the proceedings of the court. . . .

"Moreover, in *Johnson* v. *Zerbst* . . . it was held that, although the better practice would be that it should affirmatively appear from the record that the defendant was offered the assistance of counsel and that he refused the same intelligently, or accepted it, as the case might be, however, said showing is not indispensable for the validity of the judgment."

See, also, *Ex parte Casellas*, 58 P.R.R. 107 (1941); *Johnson* v. *Zerbst*, 304 U.S. 458 (1937).

Indeed the present circumstances in the case at bar does not justify the setting aside of a sentence rendered more than three decades ago.

The judgment appealed from will be affirmed.